UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
MAURICE D. COOPER,                 )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   Civil Action No. 10-0326 (BAH)
                                   )
WILLIAM G. STEWART, II, *et al.*,  )
                                   )
        Defendants.                )
_____)

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss or, alternatively, for summary judgment. For the reasons discussed below, the motion will be granted.

I.   BACKGROUND

Plaintiff brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, in order to obtain records from the Executive Office for United States Attorneys ("EOUSA") pertaining to a detainer lodged against him in January 2007. *See* Compl. at 3; Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss or, Alternatively, for Summ. J. ("Defs.' Mem."), Decl. of Dione J. Stearns ("Stearns Decl.") ¶ 7; *see id.*, Ex. D (Letter from plaintiff to the Director of the Freedom of Information and Privacy Staff, EOUSA, dated March 30, 2009) at 1-2 (page numbers designated by the Court). Plaintiff explains that he learned of the detainer following his arrest on

January 10, 2007 in Queens, New York, while detained at the Rikers Island Detention Center. *Id.*, Ex. D at 2. In this FOIA request, he seeks of a copy of the detainer.[1] *See id.* at 4.

EOUSA staff assigned the matter a tracking number, Request No. 09-1488. Defs.' Mem., Stearns Decl., Ex. E (Letter to plaintiff from W.G. Stewart II, Assistant Director, Freedom of Information & Privacy Staff, EOUSA, dated May 5, 2009). A search of records maintained by the United States Attorney's Office for the District of Nevada ("USAO/DNV") yielded one public document described as Defendant's Sentencing Voluntary Statement. *Id.*, Decl. of Blaine T. Welsh ("Welsh Decl.") ¶¶ 10-14. This document was not deemed responsive to the FOIA request, and it was not forwarded to the EOUSA for processing. *Id.* ¶¶ 12, 15. Consequently, the EOUSA informed plaintiff that no responsive records had been found at the USAO/DNV. Stearns Decl. ¶ 9[2]; *see id.*, Ex. G (Letter to plaintiff from William G. Stewart II, Assistant Director, Freedom of Information & Privacy Staff, EOUSA, dated July 29, 2009).

Plaintiff pursued an administrative appeal to the DOJ's Office of Information Policy ("OIP"). *Id.*, Stearns Decl. ¶ 10. With his appeal, he included "an affidavit that was executed in this case, and a copy of the arrest warrant" issued by the United States District Court for the District of Nevada. *Id.*, Ex. H (Letter from plaintiff to OIP dated August 15, 2009). The

---

[1] Plaintiff submitted his first FOIA request to the USAO/DNV in March 2009. Defs.' Mem., Stearns Decl. ¶ 5. He sought "information relative to a criminal action . . . in U.S. District Court, by indictment. Case No. 2:07-CR-00066-JCM-GWF." *Id.*, Ex. A (Letter from plaintiff to U.S. District Court for the District of Nevada dated March 17, 2009). Plaintiff also stated that there were "prior proceed[ings] . . . recorded under **MAG. Judge Case No. 2:07-MJ-019-**LRL." *Id.* (emphasis in original). Plaintiff submitted this request without a power of attorney or certificate of identification, and he was instructed to "correct the deficiencies [and] submit a new request to the EOUSA." *Id.*, Stearns Decl. ¶ ; *see id.*, Ex. C (Letter to plaintiff from W.G. Stewart II dated March 26, 2009). Plaintiff complied with these instructions in the filing of a second FOIA request, which is at issue in this suit.

[2] The Stearns declaration erroneously includes two paragraphs numbered "9," and this reference is to the second.

affidavit to which plaintiff referred was that of FBI Special Agent Brad Cadard regarding his determination that plaintiff was the same individual for whom the Nevada arrest warrant had been issued on January 12, 2007. *See* Pl.'s Opp'n, Stmt. of Material Facts As to Which There is No Genuine Issue, Pursuant to Local Rule 7(h) ¶ 9; *id.*, Ex. I (Cadard Aff.) ¶¶ 1-3.[3] The OIP responded as follows:

> After carefully considering your appeal, and as a result of discussions between EOUSA personnel and a member of my staff, EOUSA determined that records located as a result of its search, although originally considered to be nonresponsive, are in fact responsive to your request. Accordingly, I am remanding your request for processing of the responsive records.

*Id.*, Ex. J (Letter from J.G. McLeod, Associate Director, Office of Information Policy, dated November 9, 2009).[4]

On October 5, 2009, an EOUSA staff member "requested the 16-page Defendant's Sentencing Voluntary Statement," and the document "was e-mailed . . . on October 6, 2009." Welsh Decl. ¶ 16. The EOUSA released this document to plaintiff in full. *Id.*, Stearns Decl. ¶ 13; *see id.*, Ex. K (Letter to plaintiff from W.G. Stewart II dated November 19, 2009).

## II. DISCUSSION

### A. The Complaint Is Construed as a FOIA Action Against the DOJ

---

[3] Special Agent Cadard arrested plaintiff at Rikers Island on March 14, 2007. Pl.'s Opp'n, Stmt. of Material Facts As to Which There is No Genuine Issue, Pursuant to Local Rule, Ex. I ¶ 7. "When asked his date of birth and social security number, [plaintiff] provided information that matche[d] the pedigree information on the individual wanted on the bank robbery charges in Nevada" and the "appear[ed] to be the same 'Maurice Donnell Cooper' [he] interviewed" previously. *Id.*

[4] Dissatisfied with this response, plaintiff pursued a second administrative appeal, which the OIP construed as a request for reconsideration. Defs.' Mem., Stearns Decl., Ex. L (Letter to plaintiff from A.D. Work, Acting Senior Counsel, Administrative Appeals Staff, OIP, dated March 22, 2010). OIP determined that its prior decision to remand the matter was appropriate. *Id.*

Plaintiff names three individuals as defendants to this action, each involved in the processing of his FOIA claim. Because the FOIA applies only to certain executive branch agencies of the federal government, *see* 5 U.S.C. § 552(f)(1), plaintiff cannot bring a FOIA claim against these individuals. *See Beard v. Dep't of Justice*, 917 F. Supp. 62, 63 (D.D.C. 1996); *Whittle v. Moschella,* 756 F. Supp. 589, 596 (D.D.C. 1991). Accordingly, William G. Stewart, II, Dione J. Stearns, and Janice Galli McLeod will be dismissed as party defendants, and all claims against these individuals will be dismissed.

Additionally, to the extent that plaintiff attempts to bring constitutional claims against these individual defendants under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or against the United States under the Federal Tort Claims Act, *see generally* Pl.'s Opp'n at 14-21, such claims are not recognized under the FOIA. *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) (affirming dismissal of *Bivens* claim against federal government official who allegedly mishandled a FOIA request purportedly in violation of requester's Fifth Amendment right to due process because "the comprehensiveness of FOIA precludes the creation of a *Bivens* remedy"); *Harrison v. Lappin*, No. 04-0061, 2005 WL 752186, at *3 (D.D.C. Mar. 31, 2005) ("To the extent that plaintiff's complaint . . . may be read as seeking relief from any defendant for an alleged violation of constitutional rights for failure to comply with the FOIA . . ., it fails. [The] FOIA is a comprehensive statutory scheme to resolve all issues associated with the release of government documents.").

The Court construes plaintiff's complaint as a FOIA action only as against the DOJ. For convenience, however, the Court will refer to the defendant in this action as the EOUSA, the DOJ component from which plaintiff requested records.

4

## B. The EOUSA's Motion for Summary Judgment Will Be Granted

### 1. Summary Judgment in a FOIA Case

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it.'" FED. R. CIV. P. 56(e). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Agency affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. & Exch. Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. Cent. Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## 2. The Search for Records Responsive to Plaintiff's FOIA Request

### a. The EOUSA's Obligation to Conduct a Search

"[U]pon receipt of a request which . . . reasonably describes [the requested] records and . . . is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed," an agency "shall make the records promptly available" to the requester. 5 U.S.C. § 552(a)(3)(A). Compliance with the FOIA ordinarily requires that an agency search its records, either manually or by automated means, for information responsive to a request. 5 U.S.C. § 552(a)(3)(C), (D). "An agency fulfills its obligation[] . . . if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). Although an agency need not search every system of records, *see Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990), it "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Id.*; *see Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (noting that the agency's search for responsive records depends not on "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate"). The agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search, *Perry v. Block*, 684 F.2d 121, 126 (D.C. Cir. 1982), and absent contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA, *id.* at 127. However, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542; *see also Valencia-Lucena*, 180 F.3d at 326.

b. The Search of USAO/DNV Records

The Legal Information Office Network System ("LIONS") "is a case tracking database that contains the most current criminal and civil case information pertaining to open and closed matters and cases in the USAO/DNV." Defs.' Mem., Stearns Decl. ¶ 16. The USAO/DNV uses LIONS "to record and maintain up-to-date information on criminal and civil cases and matters opened by [Assistant United States Attorneys ("AUSAs")] and to produce a variety of reports on that information." *Id.*, Welsh Decl. ¶ 11. Information can be retrieved from LIONS using "the defendant's name, USAO file jacket number, and the district court case number." *Id.*, Stearns Decl. ¶ 16.

Plaintiff referred to two criminal case numbers in his FOIA request, *id.*, Welsh Decl. ¶ 10, and results of a LIONS search using these case numbers as search terms identified the AUSA assigned to those matters, *id.* ¶ 11. That attorney no longer was employed by the USAO/DNV, and the declarant obtained the case records and searched them for information response to the FOIA request.[5] *Id.* ¶ 12. "The only potentially responsive document found was a public document filed in case no. 2:07-cr-00066-JCM-GWF, Defendant's Sentencing Voluntary Statement."[6] *Id.*

In addition, the declarant "sent an office-wide email to all AUSAs and support staff within the [USAO/DNV] requesting that all manual files and computer systems be searched" for

---

[5] The declarant makes his statement in his capacity as "the back-up FOIA Contact for the [USAO/DNV]," Defs.' Mem., Welsh Decl. ¶ 2, whose "responsibilities . . . include coordinating with EOUSA in response to FOIA requests for records located in the [USAO/DNV]," *id.* ¶ 4. When necessary, he "conduct[s] searches for documents which might be responsive to a FOIA request." *Id.* ¶ 6.

[6] The Court presumes that the declarant's references to a detainer lodged against plaintiff on January 18, 200<u>9</u>, *see* Defs.' Mem., Welsh Decl. ¶¶ 9-10, 12, are mistaken, and that he intends to refer to a detainer lodged on January 18, 200<u>7</u>.

information pertaining to a detainer lodged against plaintiff on January 18, 2007. *Id.* ¶ 10. He received no emails in response to his request. *Id.*

Lastly, the declarant "discussed [plaintiff's] request with [the] Deputy Chief [of the USAO/DNV's] Criminal Division." *Id.* ¶ 14. She explained that "detainers are lodged by law enforcement agencies to ensure a prisoner is not released without checking with the issuing agency." *Id.* She further explained that the USAO/DNV "does not issue or maintain any such documents." *Id.* The declarant avers that he is "aware of no other methods of searching that would lead [him] to locate any additional records pertaining to [plaintiff's] FOIA request."[7] *Id.* ¶ 17.

"Once all documents are located, they are separated into responsive and non-responsive records," and only the [r]esponsive records are forwarded to EOUSA for final determination on release." *Id.* ¶ 6. The Defendant's Sentencing Voluntary Statement "is a public document," and for this reason USAO/DNV staff initially did not consider it responsive to plaintiff's FOIA request and, therefore, staff declined to forward it to the EOUSA for further processing and release. *Id.* ¶¶ 12, 15. Upon OIP's remand, however, this document, "the 16-page Defendant's Sentencing Voluntary Statement," *id.* ¶ 16, was released in full, Stearns Decl. ¶ 13.

### c. Plaintiff's Challenges to the Adequacy of the Search

Plaintiff challenges the adequacy of the search, *see* Pl.'s Joint Brief in Opp'n to Def.'s Mot. to Dismiss, or Alternatively, for Summ. J. ("Pl.'s Opp'n") at 32-33, first by arguing that a search

---

[7] The declarant also conducted a search of the Centralized Debt Collections (CDCS) system, and that search yielded no responsive records. Defs.' Mem., Welsh Decl. ¶ 13. He neither describes this system of records, explains the method by which information is retrieved from it, states the search terms used, nor explains why this system of records was thought to contain records responsive to plaintiff's FOIA request.

8

which includes the sending of an office-wide e-mail to all the AUSAs and support staff at the USAO/DNV "is not consistent with the EOUSA and the United States Attorneys Office procedure which were adopted to insure an equitable response to all persons seeking access to records under the FOIA[]." *Id.* at 32. "The adequacy of an agency's search is measured by a standard of reasonableness and is dependent upon the circumstances of the case." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983) (internal quotation marks and citations omitted). Plaintiff's request specifically mentions criminal case numbers, cases which would have been assigned to an AUSA, and a search conducted in part through an e-mail request to all AUSAs and support staff to search manual and computer files for responsive records is not unreasonable under the circumstances. *See, e.g., Davis v. U.S. Dep't of Justice*, No. 5:08CV128, 2009 WL 3047014, at *5 (N.D.W.Va. Sept. 21, 2009) (search of records was conducted by LIONS search and by sending e-mails to every attorney, paralegal, legal assistant and administrative personnel at the USAO for the Eastern District of Kentucky); *Matthews v. U.S. Dep't of Justice*, No. 04-1689, 2006 WL 1194277, at *3 (D.D.C. May 4, 2006) (search for records was conducted by LIONS search using requester's name and case number and by sending an e-mail message all employees of the USAO for the District of Columbia).

Second, plaintiff contends that "it is not clear . . . who[] actually performed the search." Pl.'s Opp'n at 33. This argument is wholly without merit, as one supporting declaration, based on "personal knowledge or knowledge acquired . . . through the performance of . . . official duties," Defs.' Mem., Welsh Decl. ¶ 7, describes the search conducted by the declarant himself for records responsive to plaintiff's FOIA request, *id.* ¶ 1.

Next, plaintiff contends that, "had the agency, among other searches, used the plaintiff's full and complete name, the results of the search would have been different." Pl.'s Opp'n at 33. Speculation as to the potential results of a different search do not necessarily undermine the adequacy of the agency's actual search. "[T]he issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg*, 705 F.2d at 1351 (citing *Perry*, 684 F.2d at 128); *see Hornbostel v. U.S. Dep't of the Interior*, 305 F. Supp. 2d 21, 28 (D.D.C. 2003) (stating that "[t]he focus of the adequacy inquiry is not on the results" of the search). The declarants explain that information from LIONS may be retrieved by district court case number, two of which plaintiff provided in his FOIA request, and the EOUSA demonstrates that their use as search terms is reasonable under the circumstances of this case. That the EOUSA did not locate the records plaintiff requested does not defeat summary judgment, as the agency "establish[es] that [its staff] located no records responsive to plaintiff's request after a reasonable search using 'methods reasonably expected to produce the information requested.'" *Davidson v. Envtl. Prot. Agency*, 121 F. Supp. 2d 38, 39 (D.D.C. 2000) (quoting *Oglesby*, 920 F.2d at 68).

Lastly, plaintiff appears to challenge the adequacy of the search by producing responsive records obtained from another source. *See* Pl.'s Opp'n, Stmt. of Material Facts As To Which There Is No Genuine Issue, Pursuant to Local Rule 7(h) ¶ 9. With his appeal to the OIP, plaintiff submitted a copy of an FBI Special Agent's affidavit and the Nevada arrest warrant. *Id.*, Ex I.[8]

---

[8] According to Special Agent Cadard, "on or about January 12, 2007, an arrest warrant was issued by the United States District Court for the District of Nevada for the arrest of 'Maurice Donnell Cooper' based upon a complaint charging him with four counts of bank robbery and one count of attempted robbery." Cadard Aff. ¶ 2. He learned that plaintiff had been arrested on January 10, 2007 in Brooklyn, New York on drug charges, and "a comparison of the

Plaintiff neither discloses the source of these documents nor articulates his position as to their relevance. In this case, plaintiff sought information about the detainer from the EOUSA, and his production of related records does not comprise "countervailing evidence to raise a substantial doubt as to the adequacy of the agency's searches" and he fails to "rebut[] the presumption of good faith accorded the agency's declarations." *Wilson v. U.S. Dep't of Transp.*, No. 10-5295, 2010 WL 5479580, at *1 (D.C. Cir. Dec. 30, 2010) (per curiam) (internal quotation marks and citations omitted); *see Chambers v. U.S. Dep't of the Interior*, 568 F.3d 998, 1003 (D.C. Cir. 2009) (substantial weight traditionally accorded agency affidavits in FOIA "adequacy of search" cases); *see also Wilbur v. Cent. Intelligence Agency*, 355 F.3d 675, 678 (D.C. Cir. 2004) ("[T]he agency's failure to turn up a particular document, or mere speculation that as yet uncovered documents might exist, does not undermine the determination that the agency conducted an adequate search for the requested records.").

Having reviewed the EOUSA's supporting declarations and considered plaintiff's challenges, the Court concludes that the search was reasonably calculated to uncover all records responsive to plaintiff's FOIA request.

---

name, date of birth, social security number, and FBI number confirm[ed] that the 'Maurice Donnell Cooper' who was arrested in Brooklyn . . . was the . . . defendant[] wanted in the District of Nevada on the bank robbery charges." *Id.*

III. CONCLUSION

Only plaintiff's FOIA claims against the DOJ may proceed, and the remaining parties and claims will be dismissed. The EOUSA establishes that it conducted a reasonable and adequate search for records responsive to plaintiff's FOIA request even though its search did not locate the specific document plaintiff seeks. Accordingly, defendants' motion to dismiss and for summary judgment will be granted. An Order accompanies this Memorandum Opinion.

/s/
BERYL A. HOWELL
United States District Judge

DATE: February 8, 2011